UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES MICHAEL KAPETANIOS, SR., | ) |
| Plaintiff, | ) |
| v. | ) No. 1:24-cv-00863-JPH-MJD |
| BARTHOLOMEW COUNTY JAIL, <br> COURTNEY FISCHER Sgt., <br> LYDIA JOHN Sgt., <br> SHANE HICKMAN Sgt., <br> A. FOREMAN Sgt., <br> NEWLAND Sgt., <br> ARN HOLT Jail Commander, | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND ADDRESSING FURTHER PROCEEDINGS**

James Kapetanios alleges violations of his religious liberties while incarcerated at the Bartholomew County Jail. Because he is incarcerated, the Court must screen his complaint pursuant to 28 U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Kapetanios asserts claims for damages and injunctive relief against the Bartholomew County Jail and six staff members. Dkt 1. He bases his claims on the following allegations, which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Mr. Kapetanios's religious beliefs require him to maintain a kosher diet. *Id.* He has been served non-kosher meal trays since the beginning of May 2024. *Id.* at 2. He receives trays that are uncovered and dirty with non-kosher utensils. *Id.* at 3. Before the trays are served, they are stored, uncovered, with non-kosher trays, allowing for cross-contamination. *Id.* at 3-4. Because there is no kosher commissary, he is forced to choose between eating the non-kosher meals or going hungry. *Id.* at 4. Mr. Kapetanios has also been denied a prayer rug or extra towel to allow him a clean area to conduct his prayers. *Id.*

Mr. Kapetanios has notified all six individual defendants of these problems through the Jail's grievance process, but his grievances have been ignored. *Id.* at 3-4.

### III. Discussion of Claims

The action **will proceed** with claims for damages against the six individual defendants, in their individual capacities, under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq. See Williams v. Redman*, No. 3:20-CV-196-JD-MGG, 2021 WL 1907224, at *3 (N.D. Ind. May 12, 2021) (noting that it is an "open question" as to whether RLUIPA allows "appropriate relief," including monetary damages, against counties or county officers acting in their official capacity and allowing RLUIPA damages claim to proceed at screening against county sheriff) (citing *Tanzin v. Tanvir*, 141 S. Ct. 486, 492 (2020)).

The action will also proceed with injunctive relief claims under the First Amendment and RLUIPA, and a damages claim under RLUIPA, against Jail Commander Arn Holt in his official capacity.

Claims against the Jail are **dismissed** for **failure to state a claim** upon which relief may be granted because the Jail is a non-suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

### IV. Conclusion and Issuance of Process

The action **will proceed** with First Amendment and RLUIPA claims for damages against the six individual defendants in their individual capacities; plus injunctive relief claims under the First Amendment and RLUIPA, and a

damages claim under RLUIPA, against Jail Commander Arn Holt in his official capacity. All other claims are **dismissed**.

The **clerk is directed** to **terminate** the Bartholomew County Jail as a defendant.

The claims discussed in Part III are the only claims the Court identified in the complaint. If Mr. Kapetanios believes he alleged additional claims that the Court failed to address, he will have **through November 8, 2024**, in which to file a motion to reconsider the screening order.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process will consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

Defendant Arn Holt **must respond** to Mr. Kapetanios's motion for preliminary injunctive relief, dkt. [9], when he files his answer.

**SO ORDERED.**

Date: 10/24/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

JAMES MICHAEL KAPETANIOS, SR.
BARTHOLOMEW COUNTY JAIL
540 1st Street
Columbus, IN 47201

Sergeant Courtney Fischer
Bartholomew County Jail
543 Second St.
Columbus, IN 47201

Sergeant Lydia John
Bartholomew County Jail
543 Second St.
Columbus, IN 47201

Sergeant Shane Hickman
Bartholomew County Jail
543 Second St.
Columbus, IN 47201

Sergeant A. Foreman
Bartholomew County Jail
543 Second St.
Columbus, IN 47201

Sergeant Newland
Bartholomew County Jail
543 Second St.
Columbus, IN 47201

Jail Commander Arn Holt
Bartholomew County Jail
543 Second St.
Columbus, IN 47201