UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES MICHAEL KAPETANIOS, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COURTNEY FISCHER Sgt., *et al.*, ) <br> ) <br> Defendants. ) | No. 1:24-cv-00863-JPH-MJD |

**ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT**

James Kapetanios alleges that his custodians at the Bartholomew County Jail violated his rights to exercise his sincere religious beliefs. Mr. Kapetanios seeks leave to replace his complaint with an amended complaint relying on essentially the same allegations. Because the amendment would be futile, the Court denies Mr. Kapetanios's motion.

## I. Legal Standard

Courts "should freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, the Court has "'broad discretion' to deny leave to amend." *Thomas v. Dart*, 39 F.4th 835, 840 (7th Cir. 2022) (quoting *Huon v. Denton*, 841 F.3d 733, 745 (7th Cir. 2016)). A court exercises that discretion soundly and properly denies leave to amend where the amendment would be futile. *Thomas*, 39 F.4th at 840. "Amendment is futile when it seeks to add a new claim that does not allege a viable theory of liability." *Id.* at 841.

1

To determine whether a pleading states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. Facts

The Court screened Mr. Kapetanios's complaint and provided the following summary of his allegations:

> Mr. Kapetanios's religious beliefs require him to maintain a kosher diet. [. . .] He has been served non-kosher meal trays since the beginning of May 2024. [. . .] He receives trays that are uncovered and dirty with non-kosher utensils. [. . .] Before the trays are served, they are stored, uncovered, with non-kosher trays, allowing for cross-contamination. [. . .] Because there is no kosher commissary, he is forced to choose between eating the non-kosher meals or going hungry. [. . .] Mr. Kapetanios has also been denied a prayer rug or extra towel to allow him a clean area to conduct his prayers. [. . .]
>
> Mr. Kapetanios has notified all six individual defendants of these problems through the Jail's grievance process, but his grievances have been ignored.

Dkt. 13 at 2 (citations omitted). The Court found plausible claims against six defendants under the First Amendment and the Land Use and Institutionalized Persons Act (RLUIPA). *Id.* at 3.

The amended complaint, dkt. 36-1, reasserts essentially the same allegations and adds that those deprivations have continued. Mr. Kapetanios adds at most one new allegation of significance: "Since Mr. Kapetanios filed civil suit to address the violation of his constitutional rights the defendant's [*sic*] retaliated against him completely depriving him of his right to freely exercise his religious freedom." Dkt. 36-1 at 2. He does not allege that the defendants took any new action against him beyond continuing to deprive him of kosher meals and religious articles. *See id.*

The amended complaint does not assert claims against any defendant not already in the lawsuit. However, in addition to the First Amendment and RLUIPA claims already proceeding, Mr. Kapetanios asserts a First Amendment retaliation claim, an Eighth Amendment deliberate indifference claim, and a claim under the Illinois Religious Freedom Restoration Act.

### III. Discussion of Newly Alleged Claims

The allegations in the proposed amended complaint do not support a reasonable inference that any defendant retaliated against Mr. Kapetanios for pursuing this lawsuit in violation of the First Amendment. A First Amendment retaliation claim consists of three elements. "First, [the plaintiff] must show he engaged in protected First Amendment activity. Second, he must show an adverse action was taken against him. Third, he must show his protected

3

conduct was at least a motivating factor of the adverse action." *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020). Mr. Kapetanios alleges plainly that he engaged in protected activity by pursuing this lawsuit and that the defendants took an adverse action by depriving him of his kosher diet and religious articles. However, he does not support an inference that the lawsuit motivated the deprivation. To the contrary, Mr. Kapetanios alleges that he sued because of the deprivation and then it continued. The deprivation preceded the lawsuit. It may well violate his constitutional rights, but not because it is retaliation for the lawsuit.

The allegations in the proposed amended complaint also do not support a plausible Eighth Amendment deliberate indifference claim. "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "In order for a prison official to be liable under the Eighth Amendment, two requirements must be met. First, the . . . official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Williams v. Shah*, 927 F.3d 476, 479–80 (7th Cir. 2019). "[I]n some circumstances, the withholding of food may be sufficiently serious to satisfy the objective component of the *Farmer* test." *Id.* at 480. "To assess whether the particular withholding of food meets *Farmer*'s objective prong, a 'court must assess the amount and duration of the deprivation.'" *Id.* (quoting *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999)). Mr. Kapetanios provides no information about the food offered to him except that it is not kosher. He provides no facts to support an inference that he did not

4

receive enough food to satisfy minimal civilized measures of decency. Rather, he alleges that he cannot eat the food he receives because of his religion. These allegations support plausible RLUIPA and First Amendment claims—not an Eighth Amendment claim.

Finally, the proposed amended complaint does not state a plausible claim for relief under the Illinois Religious Freedom Restoration Act because that law applies only to governmental agencies and actors of Illinois and its political subdivisions. 775 Ill. Comp. Stat. Ann. 35/5 ("'Government' includes a branch, department, agency, instrumentality, and official (or other person acting under color of law) of the State of Illinois or a political subdivision of the State, including a home rule unit."). No allegation supports a reasonable inference that any defendant is subject to that law.

## IV. Conclusion

The proposed amended complaint does not add a new defendant or a new, viable claim for relief. The motion for leave to amend, dkt. [36], is therefore **denied** as futile. *Thomas*, 39 F.4th at 841. The original complaint, dkt. 1, remains the operative pleading.

**SO ORDERED.**

Date: 6/25/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES MICHAEL KAPETANIOS, SR.
1680 Whitney Ct.
Columbus, IN 47203

Lisa A. Baron
Clark Johnson & Knight, Ltd.
Lbaron@cjklaw.com

Shannon Cottrell
Clark Johnson & Knight, Ltd.
scottrell@cjklaw.com